

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 25, 1959

Mr. Raymond W. Vowell
Executive Director
Board for Texas State Hospitals
   and Special Schools
Box S, Capitol Station
Austin, Texas

Opinion No. WW-655

Re: May the balance of the funds
remaining from specific line
item appropriations available
for the fiscal year ending
August 31, 1959, be grouped
by the Comptroller into a
lump sum with the approval
and at the request of the
Board for Texas State Hos-
pitals and Special Schools.

Dear Mr. Vowell:

The rider to the appropriation to the Board for the
various institutions under its jurisdiction and control con-
tained in House Bill No. 133, Acts 55th Legislature, Regular
Session, 1957, provides as follows:

"It is hereby declared to be the Legisla-
tive intent that the appropriations listed above
for major repairs, rehabilitation and replacement,
and for new construction of buildings shall be
expended as nearly as practicable in the manner
specified; however, the Board for Texas State
Hospitals and Special Schools is authorized to
transfer such amounts as it deems necessary from
one appropriation item to another for repairs,
rehabilitation, replacements, or new construction
with the approval of the Governor after obtaining
the advice of the Legislative Budget Board.

"Any unexpended balances in such appropria-
tion items may be used for other needed repairs,
replacements or new construction. The unexpended
balances as of August 31, 1958 are hereby reap-
propriated for major repairs, rehabilitation, re-
placement or new construction during the fiscal
year beginning September 1, 1958." (Emphasis ours)

Ordinarily the term "unexpended balance" refers to the money on hand at the end of any fiscal year. However, in the instant case, the term "unexpended balances" could not refer to moneys on hand at the end of the fiscal year since such construction would vitiate the underlined sentence quoted above. At the close of the fiscal year, in the absence of a re-appropriation, such items would lapse. Thus, none of the moneys could ever be spent for other needed repairs, replacement, or new construction.

In view of the fact that the Legislature specifically authorized that the appropriated items could be used for other needed repairs, replacement, or new construction, it was the evident intention of the Legislature that such moneys could be used for such purposes after the specific work for which such appropriation was made had been accomplished. Therefore, it is our opinion that the term "unexpended balances" in the underlined sentence quoted above refers to those balances remaining after the construction work for which the items were appropriated has been accomplished.

You are accordingly advised that the balance of the funds remaining from specific line item appropriations available for the fiscal year ending August 31, 1959, may be grouped by the Comptroller into a lump sum with the approval and at the request of the Board for Texas State Hospitals and Special Schools without the approval of the Governor upon furnishing satisfactory proof that the work for which the specific appropriation was made has been accomplished by the Board.

## S U M M A R Y

Unexpended balances in the appropriations for major repairs, rehabilitation, and replacement, and for new construction, may be used for other repairs, replacements and new construction by the

Board for Texas State Hospitals
and Special Schools without the
approval of the Governor.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  *John Reeves*
     John Reeves
     Assistant

JR:wb:zt

APPROVED:

OPINION COMMITTEE
L. P. Lollar, Chairman

Marvin F. Sentell

Charles D. Cabaniss

Paul W. Floyd, Jr.

Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert